# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM MCCOLLUM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NUMBER: _____ |
| | ) |
| **AT&T SERVICES, INC.** and | ) |
| **AT&T UMBRELLA BENEFIT** | ) |
| **PLAN NO. 3,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now the Plaintiff, William McCollum and hereby files his Complaint against AT&T Services, Inc. and AT&T Umbrella Benefit Plan No. 3.

## PARTIES

1. The Plaintiff, William McCollum ("McCollum"), is a participant under ERISA-governed disability plan, AT&T Umbrella Benefit Plan No. 3 (the "Plan"), who has been improperly denied short-term and long-term disability benefits.

2. Defendant, AT&T Services, Inc. ("AT&T") is the Plan Administrator, Defendants have improperly denied owed benefits to McCollum under the Plan. Upon information and belief, AT&T is a foreign corporation doing business throughout the United States, in the State of Alabama and in this district.

3. Defendant, AT&T Umbrella Benefit Plan No. 3, ("Plan"), is an

employee benefit plan as defined 29 U.S.C. §1002 (3) that is, upon information and belief, the plan under which both the group short-term and long-term disability policies are administered. The Plan is sponsored by AT&T, Inc. with AT&T Integrated Disability Service Center (IDSC) serving as the claims administrator and Defendant AT&T Services, serving as the Plan administrator.

## JURISDICTION AND VENUE

4. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. Plaintiff asserts claim for short term and long-term disability benefits, enforcement of ERISA rights, and statutory violations of ERISA under 29 U.S.C. §1132. This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1131. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## INTRODUCTION

5. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit Plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Instead of promoting and protecting the interests of Mr. McCollum, Defendants victimized him by engaging in utterly reprehensible claim handling procedures. The shortcomings of ERISA as it relates

to claims for "welfare" benefits have been exploited by the Defendants to avoid paying Mr. McCollum's valid claims that would otherwise be payable under state insurance law. As described in more detail below, the Defendants have clearly engaged in bad faith claim handling and Mr. McCollum, at a minimum, is patently entitled to all relief that ERISA provides.

## STATEMENT OF FACTS

6. Mr. McCollum is a participant under AT&T Umbrella Benefit Plan No. 3, sponsored by his employer, AT&T, Inc. The Plan provides participants, like Mr. McCollum, short-term ("STD") and long-term disability ("LTD") benefits.

7. Mr. McCollum is sixty years old. He began working at AT&T on April 8, 1986. He worked at AT&T, Inc. as a senior network design engineer until he became disabled from all work as of July 13, 2020.

8. Mr. McCollum's short-term disability benefits were initially approved and paid until October 20, 2020. Defendants claim the restrictions and limitations preventing Mr. McCollum from working during that time were anxiety, panic and depressed mood. Mr. McCollum also suffers from cervical spondylosis; chronic pain; poor short-term memory; cervical radiculitis; neuropathic pain; arthropathy of lumbar facet joint; hypertension; chronic headache disorder; diabetes; thrombocytopenia; and bilateral blurred vision. These conditions cause pain, stiffness, weakness, cognitive impairment and decreased range of motion. Mr.

McCollum suffers impairing side effects from his prescribed medications including fatigue, drowsiness, and dizziness. His restrictions and limitations from his medical conditions render Mr. McCollum unable to perform all work, as acknowledged by his treating physicians and the Social Security Administration.

9. Defendants terminated Mr. McCollum's benefits by letter dated November 5, 2020 stating the evidence did not support disability from October 21, 2020 forward.

10. Without the benefit of counsel, Plaintiff submitted a one-page appeal request on December 7, 2020. Included with the appeal were additional records and a medical source statement from Dr. Shawn Harvey indicating that Mr. McCollum's conditions are permanent, chronic and cause him to be unable to maintain gainful employment.

11. Despite receiving extensive evidence showing Mr. McCollum's continuing struggles with pain, fatigue, depression, anxiety, limited range of motion, cognitive impairment and other debilitating side effects from his necessary medications, Defendants issued a final denial for his short-term disability benefits by letter dated February 9, 2021.

12. On April 14, 2021, Plaintiff, through counsel, notified Defendants that he had not been released to return to work by his treating physicians. LTD claim forms and a complete copy of the short-term disability claim file were also requested.

13. On May 3, 2021, Mr. McCollum's LTD application, as well as, a physical residual functional capacity questionnaire completed by his treating physician, Dr. Lumdsen, was provided to the Defendants. The forms were submitted a second time on May 11, 2021.

14. By letter dated May 13, 2021, Defendants denied Mr. McCollum's LTD benefits on the basis that he did not receive short-term disability benefits for twenty-six (26) weeks.

15. The LTD denial was appealed by letter dated November 11, 2021 and additional supportive evidence was provided to the Defendants.

16. By letter dated December 14, 2021, Defendants issued a final denial on Mr. McCollum's LTD claim.

17. In all denials Defendants relied on the opinions of their paid medical reviewers who never examined Mr. McCollum.

18. Mr. McCollum's treating physicians, Dr. Lumdsen and Dr. Harvey, repeatedly opined that Mr. McCollum has severely debilitating restrictions and limitations.

19. Due to his disabling impairments, Mr. McCollum applied for Social Security disability benefits. Mr. McCollum was awarded benefits without the need for a hearing and the SSA found him disabled as of July 17, 2020.

20. As of this date Mr. McCollum has been denied benefits rightfully owed to him under the Plan. Defendants' decision to terminate short-term benefits and deny long-term benefits was grossly wrong, without basis, and contrary to the evidence.

21. Mr. McCollum met and continues to meet the Plan's definition of "disabled."

22. The Defendants did not establish and maintain a reasonable claim procedure or provide a full and fair review of Mr. McCollum's claim as required by ERISA. Instead, Defendants acted only in their own pecuniary interests and violated ERISA by conduct including, but not limited to, the following: reviewing the claim in a manner calculated to reach the desired result of denying benefits; failing to properly consider and credit the medical opinions of Mr. McCollum's medical providers; and failing to perform an accurate vocational analysis.

23. Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to any other entity who may have adjudicated Mr. McCollum's claim. Therefore, the Court should review the Plaintiff's claim for benefits under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In the alternative, the denial of Plaintiff's benefits constitutes an abuse of discretion.

24. Upon information and belief, Defendants were required to both evaluate and pay claims under the Plan at issue, creating an inherent conflict of interest.

25. Mr. McCollum has exhausted any applicable administrative review procedures, and Defendants' refusal to pay benefits is both erroneous and unreasonable and has caused tremendous financial hardship on Plaintiff.

### DEFENDANTS' WRONGFUL AND UNREASONABLE CONDUCT

**A. Defendants' Determination that Plaintiff does not Meet the Definition of Disability as Stated in the Plan was both Erroneous and Unreasonable.**

26. The Short-Term Disability policy at issue states, in part:

**When You Are Considered Totally Disabled**
You are considered Totally Disabled when, because of Illness or Injury, you are unable to perform all of the essential functions of your job or another available job assigned by your Participating Company with the same full-time or part-time classification for which you are qualified.

**When You Are Considered Partially Disabled**
You are considered Partially Disabled when, because of Illness or Injury, you are unable to perform all of the essential functions of your job or another available job assigned by your Participating Company within the same full-time or part-time classification for which you are qualified, for the same number of hours that you were regularly scheduled to work before your Partial Disability. No Short-Term Disability Benefits will be paid if you do not return to work when you are approved as Partially Disabled.

(*See* Exhibit "A").

27. The Long-Term Disability policy at issue states, in part:

7

**Company-Provided Long-Term Disability - When You Are Considered Totally Disabled**

You are considered Totally Disabled for purposes of Company-Provided Long-Term Disability Benefits under this Program when you have an Illness or Injury that prevents you from engaging in any employment for which you are qualified or may reasonably become qualified based on education, training or experience. You will be considered Totally Disabled for a long-term disability if you are incapable of performing the requirements of a job other than one for which the rate of pay is less than 60 percent of your Pay (prior to any Offsets) at the time your long-term disability started.

However, you are allowed to work and still receive Company-Provided Long-Term Disability Benefits if the job pays less than 60 percent of your Pay before your Total Disability started. The Company-Provided Long-Term Disability Benefits payable when added to the pay you receive from working cannot exceed 80 percent of your Pay at the time your long-term disability started.

(*See* Exhibit "A").

28.  Mr. McCollum's treating physicians and the Social Security Administration all determined that Mr. McCollum's restrictions and limitations were so severe that he would be unable to perform any work at any exertional level. However, Defendants ignored those supported opinions and based their denial on flawed and unreliable medical and vocational evidence and analyses that were obtained from biased and conflicted sources. Defendants also disregarded reliable evidence establishing Mr. McCollum's ongoing disability.

29.  Mr. McCollum struggles with debilitating pain, fatigue, depression, anxiety, limited range of motion, cognitive impairment and symptoms from his

conditions every day. Defendants' assertion that he is not disabled is at the very least unreasonable.

### B. Defendants' Decision to Terminate Short-Term Disability Benefits and Deny LTD Benefits was not Supported by Substantial Evidence.

30. In their consideration of Mr. McCollum's claim, Defendants retained paid consultants to review his medical records. The sole reason for Defendants' termination and denial was based on the opinions of paid paper reviewers, who never actually examined Mr. McCollum, and determined that he did not suffer disabling restrictions and limitations.

31. Considering the nature of his conditions and his well-documented struggles with treatment, the notion that he is not restricted from work is absurd. Despite substantial evidence supportive of Mr. McCollum's disability, Defendants determined that an in-house vocational analysis and paid medical reviews by non-treating providers were superior to years of treatment records and recommendations from Mr. McCollum's actual treating physicians.

32. Mr. McCollum's medical file clearly demonstrates that he is disabled. Mr. McCollum's treating physicians have attested to his disabilities on multiple occasions. Defendants were provided with numerous capacity reports that consistently stated Mr. McCollum would be totally disabled, indefinitely. Defendants also had access to records from Mr. McCollum's treating physicians

clearly documenting Mr. McCollum's constant struggle with debilitating pain and the symptoms from his many serious medical conditions.

33. The records of Mr. McCollum's long-standing medical providers, who have no stake in the outcome of the case, clearly support that he is disabled based on their numerous personal examinations, testing, and procedures. Their opinions are consistent with the record as a whole.

34. Defendants' hired medical reviewers, on the other hand, did not have the benefit of years of treating Mr. McCollum. The conclusion that Mr. McCollum was not disabled was based merely on a hired medical reviewer's conflicted assessment of his medical records. The opinions of the medical reviewers do not support the revocation of benefits because the opinions of these consultants, hired by the Defendants, are the only "evidence" contrary to the opinions of Mr. McCollum's treating physicians and the Social Security Administration.

35. Mr. McCollum's own medical physicians' evaluations were objective and reliable and should have been afforded far greater weight than those of consultants hired by Defendant. Accordingly, Defendant's termination of Mr. McCollum's short-term disability benefits and denial of his long-term disability benefits was based on insufficient evidence.

    **C.**     **Defendants' Failure to Properly Credit Mr. McCollum's Well-Documented Complaints Pain was Arbitrary and Capricious.**

36. Mr. McCollum's primary disabling impairments have been established by objective proof and have been diagnosed by his treating physicians based on his medical history, physical examinations, imaging, and observation.

37. While pain can be a subjective component of Mr. McCollum's conditions, it is reasonable and expected that his conditions would cause the level of pain claimed by Mr. McCollum.

38. In the denial letters, Defendants focused almost solely on Mr. McCollum's mental health issues and made no mention of how Mr. McCollum's severe pain, fatigue, limited range of motion, cognitive impairment, and side effects from his necessary medical treatments would affect his ability to perform work.

39. The record in this case reveals well-documented complaints of debilitating pain. There is no objective evidence to contradict Mr. McCollum's complaints and therefore Defendants cannot discredit his subjective complaints.

40. It was substantively unreasonable for the Defendants to deny benefits and ignore Mr. McCollum's disabilities involving subjective elements such as pain and fatigue.

41. Mr. McCollum has submitted credible evidence of the subjective components of his conditions and objective evidence of the underlying conditions causing him pain.

42. Defendants made no effort to evaluate the veracity of Mr. McCollum's claims and did not identify what objective evidence he could have or should have produced to be sufficient to prove subjective elements of his claim.

43. Mr. McCollum's medical records contain well-documented complaints of pain and treatments prescribed by his treating physicians. The records provided to Defendants show Mr. McCollum's long-time struggles with pain, fatigue, limited mobility, as well as a host of other side effects from his necessary medications.

44. Defendants did not credit these well-documented complaints or the opinions of Mr. McCollum's treating physicians, and instead unreasonably denied his claim.

45. In its review, Defendants also failed to consider non-exertional limitations including (1) impaired concentration due to pain and medication side effects; (2) limited dexterity and range of motion; and (3) a limited ability to remain seated for an extended period of time. Such non-exertional limitations are important aspects of vocational capacity that Defendants did not properly evaluate.

## CAUSES OF ACTION

### Count One
### ERISA (Claim for Benefits Owed under Plan)

46. Plaintiff hereby incorporates by reference every fact as if it were restated herein.

47. At all times relevant to this action Mr. McCollum was a participant of AT&T Umbrella Benefit Plan No. 3, within the meaning of 29 U.S.C § 1002(7) and was eligible to receive disability benefits under the Plan.

48. As more fully described above, the denial, termination, and refusal to pay Mr. McCollum benefits under the Plan for the period of at least on or about October 2020 through the present constitutes a breach of Defendants' obligations under the Plan and ERISA. The decision to deny benefits to Mr. McCollum was not reasonable and it was not based on substantial evidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*;

2. That the Court may take and review the records of Defendants and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. From at least July 2020 through the present, Mr. McCollum met the Plan's definitions of disabled;

4. Defendants shall pay Mr. McCollum all benefits due for the period from at least October 2020 through the present in accordance with the policy;

5. Defendant shall pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

6. Defendant shall continue paying Plaintiff's benefits in an amount equal to the contractual amount of benefits to which he is entitled through the Plan's Maximum Benefit Periods so long as he continues to meet the Plan's conditions for continuance of benefits;

7. Defendant shall pay attorney's fees for Plaintiff's counsel pursuant to 29 U.S.C. § 1132(g);

8. Plaintiff be awarded any and all other contractual and/or equitable relief to which he may be entitled, as well as the costs of suit.

Respectfully Submitted,

/s/ *Amanda Stansberry*
Amanda Stansberry (ASB-7793-M64S)

COX & STANSBERRY, LLC
3535 Grandview Parkway
Suite 310
Birmingham, Alabama 35243
Phone:   205-870-1205
Fax:     205-870-1252
amanda@coxstansberry.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:**

AT&T Services, Inc.
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX  75201-3136

AT&T Umbrella Benefit Plan No. 3
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX  75201-3136